Tagged for publication

ORDERED in the Southern District of Florida on November 15, 2012



John K. Olson, Judge
United States Bankruptcy Court

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA
### Fort Lauderdale Division
www.flsb.uscourts.gov

In re:

Carlene Perry-Thorpe,

Debtor.
_____/

Case No. 12-34942-JKO

Chapter 13

### Order Setting Hearing on Debtor's Emergency Motion to Extend the Automatic Stay and Order to Show Cause Why Sanctions Should Not Be Imposed on Debtor's Counsel

This case is before the Court without a hearing on the Debtor's Emergency Motion to Extend the Automatic Stay pursuant to § 362(c)(3)(B) [ECF 27] filed November 14, 2012.

This is the Debtor's second chapter 13 case filed this year. The first, Case No. 12-21280-RBR, was filed May 7, 2012, and dismissed by Order [ECF 18] entered June 28, 2012, as a result of the Debtor's failure to attend her meeting of creditors as required by 11 U.S.C. § 341. That dismissal was with prejudice to the filing of any petition under the Bankruptcy Code for 180 days.

By motion [ECF 20] filed July 27, 2012, the Debtor sought to eliminate the prejudice period on the grounds that her failure to attend the § 341 meeting was the result of her being out of the country to attend an ill parent. That motion was granted by Order [ECF 23] entered August 21, 2012, which eliminated the prejudice period. Accordingly, this second bankruptcy case was properly filed on October 18, 2012.

This case was filed by the same experienced bankruptcy counsel who had represented the Debtor in her first chapter 13 filing. Schedules were timely filed. Schedule D, filed with the petition, discloses that the Debtor's homestead property located at 1524 Southwest 159th Lane, Pembroke Pines, Florida 33027 (the "Property") is encumbered by four liens: a first mortgage in favor of CitiMortgage, Inc., in the amount of $553,775; a second mortgage in favor of GMAC in the amount of $40,202; a third mortgage in favor of the United States Small Business Administration in the amount of $30,000; and a lien in favor of the Pembroke Shores Community Association, Inc., (the "HOA") in the amount of $310. The Debtor's schedules assert that the value of the Property is $382,000. On November 8, 2012, the Debtor filed motions to value and to strip the liens of the HOA [ECF 17], GMAC [ECF 19], and the SBA [ECF 21] pursuant to 11 U.S.C. § 506 and Bankruptcy Rule 3012.

On November 14, 2012, the Debtor filed the Emergency Motion now before the Court. Pursuant to 11 U.S.C. §362(c)(3)(B), the automatic stay imposed by § 362(a) terminates on the 30th day after the filing of a debtor's bankruptcy petition if a prior case "was pending within the preceding 1-year period but was dismissed" unless the court "after notice and a hearing completed before the expiration of the 30-day period" extends the stay upon certain showings by the debtor. The 30th day after the filing of the Debtor's second case is November 17, 2012, a Saturday. Under Bankruptcy Rule 9006, that 30-day period is therefore extended to Monday, November 19, 2012.

Although the automatic stay imposed by § 362(a) is applicable to all creditors, secured creditors are those most affected by the automatic stay. There are four secured creditors in this case. It does not appear that any of them have received adequate notice of this Motion. Insofar as service of the Motion is concerned, the Certificate of Service states in relevant part:

> I HEREBY CERTIFY ... that a true and correct copy of this Notice of Hearing and Subject Motion (if not previously served) was sent by e-mail to Robin R. Weiner, Trustee, at ecf@ch13weiner.com, and all others set forth in the NEF, this 14th day of November 2011 and this Motion and an upcoming Notice of Hearing will be served on a separate Certificate of Service via email to those set forth in the NEF and by regular mail to Richard A. Garcia, Esquire, c/o Shapiro, Fishman & Gache, LLP, 2424 North Federal Highway, Suite 360, Boca Raton, FL 33431, CitiMortgage Inc., Post Office Box 9438, Gaithersburg, MD 20898 and to all creditors.

Only one entity, Recovery Management Systems Corp., has filed a request for notices in this case. See ECF 13 filed October 28, 2012. That request noted a name, address, and email address for notices; there is nothing of record that suggests that notice was given to that entity. There is likewise nothing of record to indicate what creditor, if any, is represented by Mr. Garcia of Shapiro, Fishman & Gache, LLP. The service on CitiMortgage is patently inadequate under Bankruptcy Rule 7004(b)(3), which requires that service on a corporation be made by mailing "to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment of by law to receive service of process." Mailing to a corporation at a post office box is not good service. And there is nothing in the record to suggest that GMAC, the SBA, or the HOA were actually served in a manner consistent with Rule 7004.

The biggest problem with the Motion is that § 362(c)(3)(B) requires that any order extending the automatic stay be entered "after notice and a hearing completed before the expiration of the 30-day period." The Bankruptcy Code's Rules of Construction provide that "after notice and a hearing"

(A) means such notice as is appropriate in the particular circumstances, and such opportunity for a hearing as is appropriate in the particular circumstances; but

-3-

(B) authorizes an act without an actual hearing if such notice is given properly and if –
(i) such a hearing is not requested timely by a party in interest; or
(ii) the is insufficient time for a hearing to be commenced before such act must be done, and the court authorizes such act;

By delaying the filing of the Motion until the 27th day of the statutory 30 day period in which a hearing must be "completed," the Debtor's counsel have created an untenable situation. No meaningful notice has been given to any party in interest except for the Chapter 13 trustee. Even if notice was mailed on November 14th, no creditor has in fact received it.

The Court will conduct a hearing on the Motion on **November 16, 2012, at 1:00 pm** in Courtroom 301, United States Courthouse, 299 East Broward Boulevard, Fort Lauderdale, Florida 33301. At that hearing, counsel for the Debtor is required to be present in person and to establish that actual notice of the Motion and of this Order has been given to the four secured creditors in this case by email, facsimile, hand-delivery, or some other form of actual notice with such service accomplished no later than **4:00 pm on November 15, 2012,** and that service so effected is legally sufficient to comply with the Bankruptcy Code and Rules and with the requirements of due process. Counsel will also be required to show cause why sanctions should not be imposed for the emergency created by their delay in the filing of the Motion and their failure to serve it in a meaningful way.

###

\* THE MOVANT IS DIRECTED TO SERVE COPY OF THIS ORDER ON ALL INTERESTED PARTIES AND FILE CERTIFICATE OF SERVICE WITH THE COURT.